[Crim. No. 1012.   Second Appellate District, Division One.—January 17, 1924.]

## THE PEOPLE, Respondent, v. JOE FEIGELMAN, Appellant.

[1] CRIMINAL LAW—COMMISSION OF CRIMES AT DIFFERENT TIMES—CONSOLIDATION OF ACTIONS—DISCRETION.—The mere fact that the two crimes charged against defendant in two separate actions were committed, the one more than a year after the other, does not furnish any ground for the claim that the trial court abused its discretion in consolidating said actions and causing them to be tried at the same time.

[2] ID.—ABSENCE OF WITNESS FROM STATE—DUE DILIGENCE—USE OF DEPOSITION.—In this prosecution of two consolidated cases, each charging defendant with grand larceny, the facts presented by the district attorney were sufficient to warrant the trial court in determining that due diligence had been exercised to obtain the presence as a witness of one of the victims, whose deposition had previously been taken on the ground, among others, that such witness was about to leave the state, and that said witness was not within the state.

[3] ID.—CONDITIONAL DEPOSITION—NOTICE—COMPLIANCE WITH STATUTE.—Where notice of the time and place of taking such deposition before the magistrate had been delivered to a clerk in the office of defendant's attorney, who acknowledged service thereof, and defendant's attorney appeared at the taking of the deposition, where he cross-examined the witness and made no objection that the three days' notice required under section 1338 of the Penal Code had not been served upon him, although he did make · a general objection that the provisions of the code had not been complied with, the trial court did not commit error in holding that the deposition was a conditional deposition taken in substantial compliance with the provisions of the statute.

[4] ID.—FAILURE TO GIVE NOTICE OF APPLICATION—WAIVER OF OBJECTIONS.—By appearing at the taking of such deposition without

challenging or attempting to disprove the *prima facie* showing, made by the affidavit of the prosecution, that the witness was about to leave the state, the defendant in effect waived the objection, and he should not later be heard to complain that the proceedings are defective merely because he was not served with three days' notice of the application for the order to take the deposition.

APPEAL from judgments of the Superior Court of Los Angeles County and from orders denying motions for a new trial. Arthur Keetch, Judge. Affirmed.

The facts are stated in the opinion of the court.

Frank E. Dominguez, Clare W. Woolwine and H. L. Giesler for Appellant.

U. S. Webb, Attorney-General, and John W. Maltman, Deputy Attorney-General, for Respondent.

CONREY, P. J.—By indictment in case superior court number 16,949, defendant was charged with grand larceny from the person of one Bernard Odell, committed on the third day of August, 1921. By information in case superior court number 18,925, he was charged with grand larceny from the person of Willett Woolsey, committed on the ninth day of September, 1922. By order of court the two cases were consolidated and thereafter were tried at the same time. The defendant was convicted on both counts and thereafter was sentenced to imprisonment in the state prison. He appeals from each judgment and in each case from the order denying his motion for a new trial.

[1] Section 954 of the Penal Code authorizes the court to order the consolidation of two or more criminal actions where the indictments or informations charge the commission of two or more different offenses of the same class of crimes or offenses. The fact that the two crimes charged against the defendant were committed, the one more than a year after the other, does not in our opinion furnish any ground for the claim that the court abused its discretion in consolidating said actions and causing them to be tried at the same time.

[2] On the thirtieth day of August, 1921, pursuant to an order of the superior court, the testimony of Bernard

Odell was taken upon conditional examination, the order therefor being based upon an affidavit, stating among other things that the witness was then about to leave the state. By an order of that same date the case was set down to be tried on the twenty-fourth day of October, 1921. The trial was postponed from time to time and did not actually occur until the thirty-first day of May, 1923. Sections 1335 to 1346, inclusive, of the Penal Code provide for the examination of witnesses conditionally as therein set forth. The application must be made upon affidavit stating . . . "4. That the witness is about to leave the state . . ." The application may be made to the court or a judge thereof and must be made upon three days' notice to the opposite party.

When the Odell deposition was offered in evidence testimony was introduced for the purpose of showing that due diligence had been exercised to procure the attendance of the witness Odell at the trial, but that such attendance could not be secured and that in fact the witness was out of the state. The process server, a deputy sheriff, armed with a subpoena, on the seventh day of May, 1923, went to the Northern Hotel, in the city of Los Angeles, where Odell had been living, and was there informed that Odell had gone away and had left a forwarding address at Pittsburg, Pennsylvania. Return upon the subpoena was made accordingly. It appears that in fact Odell at that time had gone to Bakersfield and returned to the Northern Hotel on or about the fifteenth day of May. On the same day he "checked out" from the hotel and again left his forwarding address, a street number at Pittsburg, Pennsylvania. It does not appear that the process server or the district attorney knew that Odell had thus returned to the city of Los Angeles. Thereafter a deputy sheriff, whose duties were in connection with the office of the district attorney, on the twenty-ninth day of May, telegraphed to Odell at Pittsburg, in the name of the district attorney, stating therein that this case was set for May 31st, and asking advice as to whether Odell could be here. By reply of the same date one Mrs. Goldstein, a sister of Odell, replied that Odell had left for Europe. We think that these facts were sufficient to warrant the court in determining that due diligence had been

65 Cal. App.—21

exercised to obtain the presence of the witness, and that the witness was not within the state of California.

The defendant objected to the admission in evidence of the Odell deposition not only upon the ground that due diligence had not been exercised to obtain the presence of that witness at the trial, but also upon the ground that the provisions of section 1338 of the Penal Code were not complied with by the prosecution in that the defendant or his attorney were not served with the notice required under said section, which is a three days' notice of the application to the superior court for an order to take such testimony. Mr. Burke, of the district attorney's office, testified that prior to making the application he had a telephone conversation with the attorney of the defendant wherein said attorney stated that he would waive notice of such application. Defendant's attorney testified that this conversation did not occur. [3] The court in deciding upon the admission of the deposition in evidence stated that it was not necessary to pass upon the effect of this testimony for the reason that in view of other facts the matter was immaterial. These facts were that notice of the time and place of taking the deposition before the magistrate had been delivered to a clerk in the office of defendant's attorney, who acknowledged service thereof; that defendant's attorney in fact appeared at the taking of the deposition where he cross-examined the witness and made no objection that the three days' notice required under section 1338 had not been served upon him, although he did make a general objection that the provisions of the code had not been complied with. We are of the opinion that in view of these facts the court committed no error in holding that the deposition was a conditional deposition taken in substantial compliance with the provisions of the statute. [4] As is pointed out by the attorney-general in his brief, notwithstanding said order of the superior court for the taking of the deposition, the defendant at the time when he appeared before the magistrate had an opportunity to prevent the taking of the deposition, if in fact the witness was not about to leave the state. For the Penal Code, at section 1341, provides that if at the time and place so designated it is shown to the satisfaction of the magistrate that the witness is not about to leave the state, the examination cannot take place. The prosecution by its affidavit pre-

sented on application for the order to take the deposition had made a *prima facie* showing that the witness was about to leave the state. By appearing at the taking of the deposition without challenging or attempting to disprove this fact, the defendant in effect waived the objection, and he should not later be heard to complain that the proceedings are defective merely because he was not served with three days' notice of the application for the order to take the deposition.

It is not denied that the evidence is sufficient to justify the verdict. No miscarriage of justice appears to have occurred in the conviction of the defendant.

The said judgments are and each of them is affirmed, and the orders denying the several motions for a new trial are and each of them is affirmed.

Houser, J., and Curtis, J., concurred.