[Crim. No. 5704. Second Dist., Div. Three. Feb. 6, 1957.]

THE PEOPLE, Respondent, v. PORFIRIO G. CUEVAS, Appellant.

332

David C. Marcus for Appellant.

Edmund G. Brown, Attorney General, Lynn Henry Johnson and Raymond M. Momboisse, Deputy Attorneys General, for Respondent.

SHINN, P. J.—Porfirio G. Cuevas was accused by information of a violation of section 11500 of the Health and Safety Code in that he wilfully, unlawfully and feloniously sold, furnished and gave away flowering tops and leaves af Indian Hemp (cannabis sativa), commonly known as marijuana. He was also charged with a previous felony conviction, likewise for a violation of section 11500 of the Health and Safety Code. Defendant pleaded not guilty and admitted the prior. Trial was to a jury. Defendant was convicted and his motion for a new trial was denied. Probation was likewise denied and Cuevas was sentenced to the state prison for the term prescribed by law. He appeals from the judgment and the order denying him a new trial.

Raymond Camacho, an undercover police officer assigned to the vice squad, was the chief witness for the People. The following is the substance of his testimony. At about 9:30 p. m. on September 14, 1955, he went to Chuey's Bar, which was located at 1001 South Boyle in Los Angeles. He was dressed in civilian clothes and did not carry a gun or any police identification. He had seen defendant at Chuey's on two previous occasions and knew him only as "Junior." Officer Camacho sat at the bar and ordered a small bottle of beer from defendant who was the bartender. After paying for the beer he asked the defendant "if he could fix me up with two." Defendant told Officer Comacho to give him a dollar and to wait a minute. Camacho gave defendant an unmarked one-dollar bill and saw Cuevas go out the back door of the bar and talk to two men who were seated in a light-colored car which was parked at the rear of the premises. Defendant returned shortly and handed Officer Camacho two cigarettes wrapped in brown paper. Camacho then left the bar and went to the police station, where he marked each

cigarette with his initials, his serial number and the date. He sealed them in an envelope and deposited the envelope with Central Property. The cigarettes, bearing the markings made by Officer Camacho, were received in evidence and were proved to contain marijuana.

Defendant took the stand in his own behalf. He was asked to give his name, which he did. Defendant's counsel then stated that he had no further questions. On cross-examination the district attorney asked Cuevas whether he worked at Chuey's Bar, whether he saw Camacho at the bar on September 14th, and whether he sold two cigarettes to Camacho, not knowing that he was an officer. Objections to these questions were sustained on the ground that they were beyond the scope of the direct examination. The district attorney then asked defendant whether he went by the name ''Junior,'' which Cuevas denied. There was no redirect examination and no other witness was called by defendant.

During his argument to the jury the district attorney repeatedly commented upon defendant's failure to explain or deny the testimony of Officer Camacho. The sole questions presented upon this appeal concern the propriety of the district attorney's remarks and his right to comment on defendant's failure to testify more fully.

Defendant's first contention is that the provisions of the due process clause of the Fifth Amendment to the United States Constitution should be applied to the states by reason of the Fourteenth Amendment and that a prosecutor may not comment to the jury upon the failure of the accused to deny by his testimony the truth of the charges brought against him. Such comment is expressly sanctioned by article I, section 13 of the California Constitution and section 1323 of the Penal Code.[1]

Defendant concedes that the identical question was argued before the Supreme Court of the United States in the case of *Adamson* v. *California*, 332 U.S. 46 [67 S.Ct. 1672, 91 L.Ed. 1903, 171 A.L.R. 1223], and that in a 5 to 4 decision

---

[1]Article I, Section 13. ''. . . No person . . . [shall] be deprived of life, liberty, or property without due process of law; but in any criminal case, whether the defendant testifies or not, his failure to explain or to deny by his testimony any evidence or facts in the case against him may be commented upon by the court and by counsel, and may be considered by the court or the jury.''

Penal Code Section 1323. ''. . . The failure of the defendant to explain or to deny by his testimony any evidence or facts in the case against him may be commented upon by counsel.''

the Supreme Court held that the above-quoted portions of article I, section 13 and Penal Code, section 1323 did not deny due process to the accused. Defendant argues, however, that the effect of the decision in *Rochin* v. *California*, 342 U.S. 165 [72 S.Ct. 205, 96 L.Ed. 183, 25 A.L.R.2d 1396], is to open the question for reexamination. The argument is, apparently, that were the Supreme Court of the United States to reconsider the matter, it would hold that the guarantee against compulsory self-incrimination contained in the Fifth Amendment is applicable to prosecutions in the courts of the states by virtue of the due process clause of the Fourteenth Amendment and that comment by the district attorney upon the failure of the accused to testify is in contravention of due process. We are of the view that this contention cannot be maintained. In the Rochin case, a conviction for possession of narcotics was reversed upon the grounds that evidence of the contraband was obtained by means which were in violation of due process, namely, by forcibly pumping out the contents of Rochin's stomach without his consent. There is nothing in the opinion of the Supreme Court in that case to indicate that a majority of that court would be disposed to question the soundness of the ruling in *Adamson* v. *California*.

Defendant also suggests that the case of *People* v. *Cahan*, 44 Cal.2d 434 [282 P.2d 905], is indicative of a similar disposition on the part of our own Supreme Court to reexamine the constitutional issue raised by the present appeal. But the Cahan decision did no more than establish, solely as a rule of evidence, that evidence obtained in derogation of constitutional rights may not be received against an accused. As of the present, the Adamson decision speaks the views of the Supreme Court of the United States. It is not for us to disagree or to anticipate that the court will change its views.

The second contention to be considered is that the district attorney was guilty of prejudicial misconduct in his argument to the jury. That argument comprises 16 pages of the transcript and is too lengthy to be set out in full. However, it is fair to state that it consists almost entirely of arguments based upon Cuevas' failure to testify as to anything more than his name. The entire tenor of it was to the effect that the failure of the defendant to deny the testimony and facts against him was an admission of their truth, and that the jury should so regard it. The statements of the deputy could have been understood by the jury as declaring the legal

effect of the failure of the defendant to testify. █ Of course, it is not the law that the failure to deny incriminating testimony is an admission of its truth. It is merely a circumstance that may be considered by the jury as tending to indicate the truth of such evidence, and as indicating that among the inferences that may reasonably be drawn therefrom, those unfavorable to the defendant are the more probable. (*People* v. *Adamson*, 27 Cal.2d 478, 489 [165 P.2d 3].) █ It would be grievous error for the court to instruct to the effect that the failure of a defendant to deny incriminating facts or testimony constituted an admission of their truth. The argument of the prosecutor to the same effect was improper. However, defendant's attorney made no assignment of misconduct and no request for an admonition to the jury to disregard the argument now assigned as misconduct. An admonition that they should be disregarded would have removed the harmful effect of the statements and in the absence of any objection the claimed misconduct cannot properly be urged as a ground for reversal of the judgment. (*People* v. *West*, 215 Cal. 87 [8 P.2d 463]; see also *People* v. *Codina*, 30 Cal.2d 356, 362 [181 P.2d 881].)

The judgment and order are affirmed.

Wood (Parker), J., and Vallée, J., concurred.