[Crim. No. 2858.    Third Dist.    Sept. 25, 1958.]

THE PEOPLE, Respondent, v. CARL G. SAUER, Appellant.

Carl G. Sauer, in pro. per., and William H. Phelps for Appellant.

Edmund G. Brown, Attorney General, and G. A. Strader, Deputy Attorney General, for Respondent.

SCHOTTKY, J.—Carl G. Sauer was charged with six counts of forgery. He has appealed from the judgment entered after a jury found him guilty as charged.

Two informations, each charging three counts of forgery, were filed against Sauer. The first, which will be referred to as the Warner matter, charged three counts of forgery in May, 1957. The second, which will be referred to as the Cope-

land matter, charged three separate forgeries on August 25, 1955. A typical count reads as follows:

"That said Carl G. Sauer, on or about the 25th day of August, 1955, in the County of Shasta, State of California, did fraudulently make, forge and counterfeit a certain check in writing for the payment of money in the sum of One Hundred Seventy and 43/100 Dollars ($170.43) and did then and there utter, publish and pass the same, knowing that the said check was false, forged and counterfeited, with the intent then and there to defraud James H. Rodgers, Verner Copeland, Red Mt. Lumber Company and Bank of America, a corporation."

A motion to consolidate the two informations for trial was granted. Thereafter, Sauer sought inspection of certain evidence in the sheriff's possession. The court ordered the sheriff's office and the district attorney to deliver all exemplars of handwriting which were used in the investigation of the case and inspection of all books of account of the concerns which Sauer was accused of defrauding by forging checks. The motion was denied as to any reports and papers and investigation information in the hands of the sheriff or district attorney. As to the documents denied, the court said that the motion was denied without prejudice to a renewal of the motion at the trial if it became proper.

The evidence as to the Warner counts shows that Sauer was employed by Dawson & Warner, a lumber concern, as a bookkeeper. As part of his job he prepared all the payroll checks. Sauer passed three checks with Mr. Warner's signature to various merchants. Mr. Warner testified that he had not signed the checks in question nor had he authorized anyone else to sign his name to the checks. Lewis Davis, an examiner of questioned documents for the Bureau of Criminal Identification, compared the signatures on the allegedly forged checks with exemplars of Mr. Warner's signature and stated that in his opinion the signatures on the checks were not those of Mr. Warner.

The evidence as to the Copeland accounts shows that at the time of the alleged forgeries, Sauer was employed as a bookkeeper by a company Mr. Copeland controlled. All checks drawn by this company were drawn on an account known as the Vernon Copeland Special Account. Mr. Copeland also testified that he had not signed the checks which were the basis of the charge nor had he authorized anyone else to sign his name to the checks. Mr. Davis also testified that these

checks were not signed by Mr. Copeland. Again Mr. Davis used exemplars of Mr. Copeland's signature in making his comparisons. Sauer passed each of the checks in question. Sauer admitted to Deputy Sheriff Richard Hart that the endorsement of his name on the back of each check was written by him.

Appellant's first contention is that the informations fail to charge a public offense under the provisions of section 470 of the Penal Code and that the informations do not inform him of the charge. It is contended that the charge is fatally deficient because there is no allegation that the instruments would, if genuine, be of legal efficacy or could have any tendency to defraud another.

We do not agree with this contention. Section 470 of the Penal Code provides that "Every person who, with intent to defraud, signs the name of another person, or of a fictitious person, knowing that he has no authority so to do, to, or falsely makes, alters, forges, or counterfeits any . . . check, draft, bill of exchange . . . for the payment of money . . .; or utters, publishes, passes, or attempts to pass, as true and genuine, any of the above-named false, altered, forged, or counterfeited matters, as above specified and described, knowing the same to be false, altered, forged, or counterfeited, with intent to prejudice, damage, or defraud any person . . ., is guilty of forgery." It is apparent that the informations charged the several offenses in the language of the statute. As stated in section 952 of the Penal Code: "Such statement may be made in ordinary and concise language without any technical averments or any allegations of matter not essential to be proved. It may be in the words of the enactment describing the offense or declaring the matter to be a public offense, or in any words sufficient to give the accused notice of the offense of which he is accused." ▮ All that is required is that the pleading in substance charge the defendant with the commission of a public offense in words sufficient to give him notice of the offense of which he is accused. (26 Cal.Jur.2d, Indictment and Information, p. 495.)

The informations in the instant case without doubt informed the appellant of the offenses charged against him.

Appellant next contends that the trial court abused its discretion in not permitting pretrial inspection of the handwriting expert's report. The court denied the motion without prejudice to a renewal of the motion at the trial if it became necessary. It is contended that the basis of the prosecution's

case was the testimony of the handwriting expert and that without an opportunity to examine it before trial the defense could not adequately prepare to meet it. The motion was not renewed at the trial. ■ Pretrial inspection of reports in the hands of the prosecution is not a matter of right in all cases. ■ The record does not show that a motion for inspection was made at the trial. Under such circumstances we do not believe that appellant is in a position to raise the point on appeal.

■ Appellant contends also that the trial court abused its discretion in consolidating the two cases for trial. The two informations dealt with crimes committed approximately 22 months apart. The informations were filed about four months apart. Section 954 of the Penal Code permits consolidation of two or more accusatory pleadings charging the same class of crimes. This test was met. In *People* v. *Feigelman*, 65 Cal.App. 319 [223 P. 579], consolidation was approved where the crimes were committed 13 months apart. ■ The rule is that whether or not consolidation should be granted rests in the sound discretion of the trial judge whose decision will only be disturbed where an abuse of discretion is shown. (*People* v. *Duane*, 21 Cal.2d 71 [130 P.2d 123].) ■ In view of the similarity of the charges we cannot hold that there was any abuse of discretion in consolidating the cases for trial.

The most serious contention of appellant is that the trial court erred in admitting in evidence certain handwriting exemplars. At the trial, Lewis Davis, an examiner of questioned documents, was called by the prosecution and in his examination of the questioned signatures on the several checks which were alleged to have been forged he used for comparison a number of known genuine signatures of Mr. Warner and Mr. Copeland. Included among these signatures were a number of cards and a sheet of paper upon which had been placed the signatures of these persons. Some of these signatures were written by Mr. Warner and Mr. Copeland for the purpose of comparing their genuine signatures with the questioned checks.

The appellant contends that the trial court erred in admitting these signatures in evidence and that the handwriting expert used improper standards of comparison in presenting his testimony with respect to the forged signatures on the checks. The basis of the appellant's contention is that these signatures were made especially for the purpose of this trial

and are what he refers to as *post litem motam* signatures. Appellant states that on the Warner counts 'three out of eight signatures were *post litem motam*, and in the Copeland counts two out of four were *post litem motam*.

While there seems to be a division of authority on the question of whether *post litem motam* signatures may be used as a basis of comparison, we think the better rule is stated in 20 American Jurisprudence, Evidence, section 746, page 623, as follows:

". . . A signature or specimen writing that is made for the *occasion and post litem motam* may not be used for comparison by the party making it. It is only when a writing is written, not by design, but unconstrainedly and in the natural manner of the writer so as to bear the impress of the general character of his chirography as the involuntary and unconscious result of constitution, habit, or other permanent cause that it furnishes, if otherwise admissible in evidence, any satisfactory test of genuineness."

Two California cases have considered the question and appear to be in accord with the rule that *post litem motam* signatures are not admissible for purposes of comparison. In *People* v. *Briggs,* 117 Cal.App. 708 [4 P.2d 593], the defendant was accused of a violation of section 288 of the Penal Code. The defense seriously challenged the credibility of the complaining witness, a girl of 13, by introducing a writing allegedly written and signed by her to the effect that she and her sister should tell a lie concerning the defendant so that he and his wife, who was a codefendant, would go to jail. After the case was closed the prosecution was allowed to reopen the case and was permitted to have the complaining witness write in the presence of the jury, in an attempt to corroborate her testimony that she did not write the note. It was held to be reversible error for the court to permit her to corroborate her testimony by writing in the presence of the jury. The court indicated that *post litem motam* signatures are inadmissible to corroborate a witness' testimony. In *People* v. *Golembiewski,* 25 Cal.App.2d 115 [76 P.2d 717], the appellant contended that the trial court erred in sustaining an objection of the prosecution to a question relative to comparison of the handwriting of the appellant with the signature of the appellant in the pawnbook of the second-hand dealer who had purchased some of the property appellant was alleged to have stolen. In that case the exemplars submitted were made after the arrest

of the appellant. The court ruled the objection properly sustained.

We think that it was error to permit the handwriting expert to use the *post litem motam* signatures of Warner and Copeland as a basis of comparison but we do not believe that this error requires a reversal of the judgment. The record shows that the handwriting expert used other signatures which were not *post litem motam* and also that both Warner and Copeland testified that the signatures on the questioned checks were not their signatures. In view of this testimony and the other testimony in the case, together with the fact that appellant did not testify, we do not believe that the fact that the court permitted a number of *post litem motam* signatures to be used along with others as a basis for comparison resulted in a miscarriage of justice.

Appellant contends also that the prosecuting attorney was guilty of prejudicial misconduct in commenting several times in his argument to the jury upon the fact that the appellant had not taken the witness stand to testify in his own behalf and explain or deny the incriminating evidence which had been introduced against him. This contention cannot be sustained.

The provisions of California Constitution, article I, section 13, and Penal Code, section 1323, specifically provide that the failure of a defendant to testify or to explain or deny incriminating facts which have been produced against him may be commented upon by the prosecuting attorney. The constitutional provision provides as follows:

". . . but in any criminal case, whether the defendant testifies or not, his failure to explain or to deny by his testimony any evidence or facts in the case against him may be commented upon by the court and by counsel, and may be considered by the court or the jury. . . ."

Penal Code, section 1323, provides in part as follows:

"The failure of the defendant to explain or to deny by his testimony any evidence or facts in the case against him may be commented upon by counsel."

Numerous cases in this jurisdiction have held that it is proper for the prosecution to point out to the jury that the defendant has failed or refused to take the witness stand and that he has failed to explain or deny incriminating facts which have been produced against him, and especially in cases where the facts concern matters which are peculiarly within the knowledge of the defendant, as in the present case. Such

comments by the court or the district attorney do not violate any constitutional rights of the defendant, and the provisions of the above-cited constitutional provision and statute have been held not to violate any provision of the United States Constitution. (*Adamson* v. *State of California,* 332 U.S. 46 [67 S.Ct. 1672, 91 L.Ed. 1903, 171 A.L.R. 1223].) Numerous cases have upheld the right of the district attorney to so comment. (See for example: *People* v. *Cuevas,* 148 Cal.App.2d 331 [306 P.2d 510] ; *People* v. *Williams,* 141 Cal.App.2d 849 [297 P.2d 759] ; *People* v. *Dozier,* 35 Cal.App.2d 49 [94 P.2d 598] ; *People* v. *Zirbes,* 6 Cal.2d 425 [57 P.2d 1319] ; *People* v. *Perry,* 14 Cal.2d 387 [94 P.2d 559, 124 A.L.R. 1123].)

Appellant contends further that the prosecuting attorney made a number of other remarks which constituted prejudicial misconduct in his argument to the jury. The record shows that no objection was made to such remarks at the time, nor was the court requested to instruct the jury to disregard them. The general rule is that in the absence of any objection the point may not be raised for the first time on appeal. (*People* v. *Adamson,* 27 Cal.2d 478 [165 P.2d 3].) Furthermore, we have read the remarks complained of and do not believe that they exceeded the bounds of legitimate argument.

The judgment is affirmed.

Van Dyke, P. J., and Peek, J., concurred.

A petition for a rehearing was denied October 20, 1958, and appellant's petition for a hearing by the Supreme Court was denied November 19, 1958.