111 So.2d 99 (1959)
CHEMICAL CORN EXCHANGE BANK & TRUST COMPANY, Appellant,
v.
Sally FRANKEL and Oscar Frankel, Appellees.
No. 58-412.
District Court of Appeal of Florida. Third District.
March 3, 1959.
On Petition for Rehearing April 16, 1959.
*100 Harold Shapiro, Miami Beach, for appellant.
Sibley, Grusmark, Barkdull & King, Miami Beach, for appellees.
JOHN T. WIGGINTON, Associate Judge.
Plaintiff sued defendant Sally Frankel on a promissory note allegedly executed by her, and joined as defendant her husband, Oscar Frankel, on his written guarantee to pay the indebtedness evidenced by Sally Frankel's note in the event of her default. The jury rendered its verdict finding in favor of Sally Frankel but against Oscar Frankel for the full amount due on the promissory note. It is from final judgment entered upon the jury's verdict that this appeal is taken.
Plaintiff assigns as error the ruling of the trial court admitting in evidence over its objection specimen signatures of Sally Frankel made after the institution of the suit, and used as a standard of comparison by a handwriting expert to prove that the signature of Sally Frankel appearing on the promissory note sued upon was a forgery.
The statute of Florida relating to the point now under consideration provides that comparison of a disputed writing with any writing proved to the satisfaction of the judge to be genuine shall be permitted to be made by the witness; and such writings, and the evidence of witnesses respecting the same, may be submitted to the jury, or to the court in case of a trial by the court as evidence of the genuineness, or otherwise, of the writing in dispute.[1] This statute was first adopted in the year 1861[2] and has been carried forward in its original form through the several revisions and compilations of our statutes down to the present time.[3]
At common law it was not possible to prove the genuineness of a signature or *101 writing by comparison with any other signature or writing. Comparisons of writings even by admitted experts was considered too uncertain to be accepted as trustworthy evidence in a matter involving disputed signatures or writings.[4] The harsh rule of common law has been abolished in this jurisdiction by the enactment of the statute above mentioned. This was done in the interest of promoting the administration of justice in cases where comparison of disputed writings are properly made.[5] Our statute has been interpreted to mean that if the specimen signature sought to be used as a basis for comparison with the disputed signature is proved to the satisfaction of the judge to be genuine, it is admissible in evidence as a proper standard upon which testimony of its comparison with the disputed signature may be predicated.[6] The genuineness of the standard to be used may be established in any one of several ways. If its genuineness is admitted by the parties, this may be accepted by the trial judge, and further proof thereof rendered unnecessary. If, however, the genuineness of the standard is not admitted, it may be used as a basis for comparison if it is in evidence before the court in the case for some other purpose, or forms a part of the pleadings in the case.[7] Even though the standard was written after the controversy arose or the suit was instituted, its genuineness may nevertheless be established by proof that it was written in the ordinary course of business and not for the occasion of the trial or for the purpose of creating testimony.[8] A signature or specimen writing that is made for the occasion and post litem motam may not be used for a comparison by the party making it. It is only when a writing is written, not by design, but unconstrainedly and in the natural manner of the writer so as to bear the impress of the general character of his chirography as the involuntary and unconscious result of constitution, habit, or other permanent cause that it furnishes, if otherwise admissible in evidence, any satisfactory test of genuineness.[9]
The record reveals that after the institution of this action, but before trial, Sally Frankel furnished her attorney with five specimens of her signature which were used by a handwriting expert as a basis of comparison with the signature on the promissory note. The expert testified that based upon his comparison of this standard with the disputed signature on the note, the latter was forgery. We are of the view the trial court committed error when he admitted in evidence over plaintiff's objection the specimen signatures of Sally Frankel, as well as the testimony of the expert whose conclusions were based thereon.
The remaining assignment of error questions the sufficiency of the court's instruction to the jury on the issue of ratification.
The complaint alleges that Sally Frankel was indebted to plaintiff in a stated sum to evidence which she gave the promissory note sued upon, a copy of which was annexed and made a part of the complaint. In her answer Sally Frankel denied that she was indebted to the bank in any amount, and as a separate defense alleges that her purported signature appearing on the note was a forgery. Both in her deposition prior to trial and in her testimony during the trial this defendant testified that the note in question had been filled in and her signature written thereon by her husband who mailed the note from Miami to her in *102 New York City. After receiving the note and examining it carefully, noting her purported signature thereon, Sally Frankel talked to her husband by telephone and was instructed by him to send their son to the bank with the note and a certain amount of cash to be applied on an existing indebtedness. Although knowing full well that she had not signed the note, Sally Frankel followed her husband's instructions and the note in question was received and accepted by the bank as evidence of the balance of the indebtedness which it then claimed to be due it.
At the conclusion of the evidence the court was requested by plaintiff to instruct the jury to the effect that if the signature on the note was not that of defendant Sally Frankel, but she nevertheless caused the note to be delivered to the bank by her son, that this constituted a ratification and adoption by her of the note as her act and deed and that she was liable thereon. Plaintiff further requested an instruction to the effect that Sally Frankel was estopped from claiming that the signature appearing on the note was not hers if she led the bank to believe it was her signature. Each of these requested instructions were denied by the court. In his charge to the jury, however, the court did include an instruction to the effect that "if the jury should find that the signature of Sally Frankel is forged upon the note, and that she has not since ratified the same, the burden must be for the defendant notwithstanding her waiver of protest."
Although the issue of ratification was not plead as an issue in the case, it nevertheless became an important issue and testimony thereon was offered during the trial. Whether the signature of Sally Frankel appearing on the note was a forgery would be immaterial if the jury had found under proper instructions from the court that she knowingly ratified the signature as her own either prior or subsequent to delivery of the note to the bank. We are of the view that the court's quoted instruction to the jury on the issue of ratification was wholly insufficient to enable the jury to reach an intelligent conclusion on this issue of the case. The court's denial of plaintiff's requested instruction was error.
For the foregoing reasons the judgment appealed from is reversed and the cause remanded for a new trial.
Reversed and remanded.
CARROLL, CHAS., C.J., and PEARSON, J., concur.

On Petition for Rehearing
PER CURIAM.
The petition for rehearing filed on behalf of the appellee Sally Frankel is hereby stricken because it is in substantial violation of Rule 3.14, F.A.R., 31 F.S.A., relating to the form and content of petitions for rehearing. See Sherwood v. State of Florida, Fla.App. 1959, 111 So.2d 96, opinion of this court on rehearing and State ex rel. Jaytex Realty Company v. Green, Fla.App. 1958, 105 So.2d 817.
CARROLL, CHAS., C.J., PEARSON, J., and WIGGINTON, JOHN T., Associate Judge, concur.
NOTES
[1] F.S. § 90.20, F.S.A.
[2] § 55, Ch. 1096, Laws of 1861.
[3] § 1121, Revised Statutes 1892; § 1539, General Statutes 1906; § 2739, Revised General Statutes of 1920; § 4411, Compiled General Laws of 1927.
[4] Hickory v. United States, 151 U.S. 303, 14 S.Ct. 334, 38 L.Ed. 170.
[5] Thompson v. Freeman, 111 Fla. 433, 442-443, 149 So. 740.
[6] Brantley v. State, 84 Fla. 649, 652-653, 94 So. 678.
[7] 20 Am.Jur., Evidence, § 744, p. 620.
[8] University of Illinois v. Spalding, 71 N.H. 163, 51 A. 731, 62 L.R.A. 817; People v. Molineux, 168 N.Y. 264, 61 N.E. 286, 62 L.R.A. 193.
[9] 20 Am.Jur., Evidence, § 746, p. 623.