**BLANCHARD LUMBER CO., Libelant,**

v.

**The S.S. POLYROVER, her engines, boilers, etc.,**

**and against**

**Kristiansands Tankrederi A/S and Seaboard Shipping Co., Ltd., Respondents.**

United States District Court
S. D. New York.
Dec. 20, 1963.

602

Bigham, Englar, Jones & Houston, New York City, for libelant; Warren H. Greene, Jr., New York City, of counsel.

Symmers, Fish & Warner, New York City, for respondent, Seaboard Shipping Co., Ltd.; David L. James, New York City, of counsel.

WEINFELD, District Judge.

This is, or should be, a simple suit by a consignee of a lumber shipment to recover $1,000 for short delivery. Respondent has served interrogatories extending over twelve pages of legal-size paper which, with subdivisions, total approximately 150. Libelant has filed objections to a limited number which it now seeks to sustain.

The premature interrogatories directed to damages, which were not withdrawn prior to the hearing of this motion, raise a question as to whether there was a good faith attempt by respondent to comply with Rule 9(f) of the General Rules of this Court. These and the remaining interrogatories to which objection is made are patently onerous and vexatious and are more calculated to harass an adversary than to secure relevant and material information. A number of interrogatories which seek information and data with respect to insurance coverage would require libelant to furnish the substance of practically every policy, letter and memorandum and document relating thereto; in effect, it would grant respondent discovery and inspection of documents and thereby circumvent the showing of good cause required by Admiralty Rule 32. One interrogatory, with its three subdivisions and eleven sub-subdivisions, seeks minutiae of detail on insurance matters, such as the names and addresses of the insurers, the names and addresses of the brokers, the identity of the persons who procured the insurance and who paid the premiums, copies of policies, and the like. These matters are not relevant to the issue of respondent's alleged liability for short delivery. The libel alleges libelant was the holder of the bill of lading covering the shipment and was named therein to be notified. No defense has been advanced that libelant is not the real party in interest. This and other facts in the instant case at once distinguish it from Meredith v. The Ionian Trader, 279 F.2d 471 (2d Cir. 1960), relied upon by the respondent to justify the nature of the interrogatories.

The excessive number of interrogatories of a drag-net nature, which not only are unduly burdensome and oppressive, but seek information irrelevant to the fundamental issue in this suit, constitute an abuse of the interrogatory Rule. They are inconsistent with the spirit and purpose of the Rules. See Bethlehem Steel Co. v. Tugs Ohio and North Carolina, 1961 A.M.C. 811 (W.D. N.Y. 1954); Coca-Cola Co. v. Dixi-Cola Labs., Inc., 30 F. Supp. 275 (D. Md. 1939).

The objections to the interrogatories are sustained.