PEOPLE *v.* KENNEDY

1. EVIDENCE—HANDWRITING—IN-COURT EXEMPLARS.
   A witness may not be compelled to make handwriting samples in court for comparison purposes; however, where the witness consents to make in-court samples and there is no objection by opposing counsel, the samples may be used.

2. CRIMINAL LAW—EVIDENCE—HANDWRITING—IN-COURT EXEMPLARS —PROSECUTION'S OBJECTION—DISCRETION.
   Allowing a defendant to make handwriting samples in court for comparison purpose where the prosecution objects to the defendant's request is in the trial judge's discretion, because

---

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 21 Am Jur 2d, Criminal Law § 362.
   29 Am Jur 2d, Evidence §§ 806–815.

the evidential value of in-court exemplars is questionable in that they are self-serving and would present an opportunity for fabrication.

3. CRIMINAL LAW—EVIDENCE—HANDWRITING—IN-COURT EXEMPLARS —PROSECUTOR'S OBJECTION—DISCRETION.

Refusing to allow a defendant, charged with uttering and publishing, to make an in-court exemplar of his handwriting or of anything that a handwriting expert, present in court, might require to make a proper comparison between the defendant's handwriting and the forged indorsement was not an abuse of discretion where the prosecutor objected to the in-court exemplars being made, the court had appointed a handwriting expert for the defendant, and the expert had testified that he could not form an opinion concerning the identity of the person who indorsed the check due to the paucity of letters in both the indorsement and the handwriting exemplars provided him.

Appeal from Recorder's Court of Detroit, Geraldine Bledsoe Ford, J. Submitted Division 1 March 2, 1971, at Detroit. (Docket No. 8550.) Decided March 23, 1971.

Thomas R. Kennedy was convicted of uttering and publishing. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Thomas P. Smith,* Assistant Prosecuting Attorney, for the people.

*Burton L. Borden,* for defendant on appeal.

Before: V. J. BRENNAN, P. J., and QUINN and O'HARA,* JJ.

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

V. J. Brennan, P. J.  Defendant was convicted in
a nonjury trial of uttering and publishing contrary
to MCLA § 750.249 (Stat Ann 1962 Rev § 28.446)
and was sentenced to serve 5 to 14 years in prison.

At the trial, it was defendant's position that he
was never inside the bar of the complaining witness
and that he never forged the name of "Robert T.
Lee" on the back of a stolen check to induce the
complaining witness to cash it.  Since defendant
was an indigent, the court, at his request, ap-
pointed a handwriting expert to testify on his
behalf.  Defense counsel submitted a number of
samples to the expert witness, James Hurt, dating
back to 1961.  Mr. Hurt testified that he could not
form an opinion concerning the identity of the per-
son who indorsed the check in question due to the
paucity of letters in both the check and the hand-
writing exemplars.  At that point defendant volun-
teered to write anything the expert might require
in order to make a proper comparison.  The prose-
cutor objected to the offer, and the court sustained
the objection.

On appeal defendant's sole assignment of error is
that the court erred in sustaining the prosecutor's
objection to the defendant's offer to submit hand-
writing samples written in court.  We do not agree.

The issue before us is one of first impression in
this jurisdiction.  It has long been the law in
Michigan that a witness may not be compelled to
make handwriting samples in court for comparison
purposes.  *First National Bank of Houghton* v.
*Peter Robert* (1879), 41 Mich 709.  Where, how-
ever, the witness consents to make exemplars and
there is no objection by opposing counsel, it is
clear that the in-court samples may be used.  *Peo-
ple* v. *Sturman* (1920), 209 Mich 284.  The problem
at hand is whether it is an abuse of discretion to

refuse to allow the making of in-court samples where the defendant consents thereto but the prosecutor objects.

It appears that a majority of courts that have passed upon this issue favor exclusion. See 7 Wigmore on Evidence, § 2018(1), pp 227, 228; *People* v. *Rosenbaum* (1921), 299 Ill 93 (132 NE 433); *People* v. *Sauer* (1958), 163 Cal App 2d 740 (329 P2d 962); *Hickory* v. *United States* (1894), 151 US 303 (14 S Ct 334, 38 L Ed 170). The rationale given is that such writings would be in the nature of a self-serving act and would present a unique opportunity for fabrication. We are inclined to agree that there is a high degree of unreliability inherent in allowing a witness to prepare writing samples in court to show that his handwriting does or does not match that on another instrument which has already been inspected by him. Under these circumstances it was not an abuse of discretion to refuse the defendant's offer to prepare writing samples during the trial. This is not to say that the in-court preparation of exemplars can never be allowed, rather we hold that the evidential value of this procedure is such that, upon objection, the court has discretion not to permit it.

Affirmed.

All concurred.