HOBSON, Judge.
This appeal was initiated by appellant, Harry J. Simmons, after his conviction of forgery of a signature with intent to defraud. An unendorsed Bankamericard which had been misplaced by its owner Donald Davis was later identified when appellant acquired merchandise through its use at a department store. Appellant was then arrested and an information was filed charging appellant with forgery of the signature on the receipt of goods with an intent to defraud.
Both the allegedly forged credit card charge slip (receipt of goods) and the now endorsed credit card were introduced into evidence. During the trial at the request of the state during its direct examination and in the presence of the jury the forgery victim, Donald Davis, signed his name on a slip of paper which was admitted into evidence over objection of the defendant-appellant. Prior to this testimony, Davis had testified that the signature which now appeared on the Bankamericard card was not his. The forgery victim also testified that the signature which he made in court was his usual signature. It was the only example of the signature of Donald Davis in evidence and the jury was allowed to compare this signature to the signature on the retail purchase contract. We agree with appellant’s contention that it was prejudicial error for this signature to be manufactured in court and admitted into evidence.
*230 The basis for our conclusion begins with Section 92.38, Florida Statutes, F.S.A., which has been restricted by case law in its application and provides:
92.38 Comparison of Disputed Writings. — Comparison of a disputed writing with any writing proved to the satisfaction of the judge to be genuine, shall be permitted to be made by the witnesses; and such writings, and the evidence of witnesses respecting the same, may be submitted to the jury, or to the court in case of a trial by the court, as evidence of the genuineness, or otherwise, of the writing in dispute.
Although the means by which such a standard of genuineness (upon which testimony of its comparison with the disputed signature may be predicated) may be established have been noted, Chemical Corn Exchange Bank & Trust Co. v. Frankel, Fla.App.1959, 111 So.2d 99, 72 A.L.R.2d 1270, one facet of the construction of Section 92.38, Florida Statutes, F.S.A., controls the outcome of this case. It has been held that “a signature or specimen writing that is made for the occasion and post litem motam may not be used for a comparison by the party making it.” Chemical Corn Exchange Bank & Trust Co. v. Frankel, supra, 111 So.2d at page 101.
In the case sub judice the jury had no other standard by which to conclude that the disputed signature was in fact a forgery. The defendant was on trial for forgery of a disputed signature; a signature which the alleged victim denied as his own and then produced in front of the jury his own signature which was admitted into evidence over objection of the defendant.
In Whittle v. State, 1902, 43 Tex.Cr.R. 468, 66 S.W. 771, 773, with which we are in accord, it was held:
“ * * * Evidence of the genuineness or want of genuineness by comparison of handwriting, to go to the jury, does not appear to be encouraged by the authorities, and is only permitted under proper safeguards. Such comparison is permitted between the alleged forged instrument and one offered in evidence, executed before there was any inducement to fabricate, and proved to be genuine; but the authorities hold that it is not competent, as was held in McGlasson’s Case, to have the witness make her signature before the jury for the purpose of comparing same with the signature on the alleged forged instrument.”
See King v. State, 1913, 8 Ala.App. 239, 62 So. 374; People v. Sauer, 1958, 163 Cal.App.2d 740, 329 P.2d 962, cert, denied, 359 U.S. 973, 79 S.Ct. 888, 3 L.Ed.2d 839 (1959); People v. Briggs, 1931, 117 Cal.App. 708, 4 P.2d 593; McGlasson v. State, 1897, 37 Tex.Cr.R. 620, 40 S.W. 503.
Therefore, we conclude that such evidence was inadmissible, constituting prejudicial error and the conviction must be reversed.
Reversed and remanded for a new trial.
PIERCE, C. J., concurs.
McNULTY, J., dissents with opinion.