322 So.2d 559 (1975)
Maria CABRERA, Petitioner,
v.
James A. EVANS et al., Respondents.
No. 75-736.
District Court of Appeal of Florida, Third District.
December 11, 1975.
Podhurst, Orseck & Parks, Spence, Payne & Masington, Miami, for petitioner.
Prunty, Ross, De Loach & Olsen and Lawrence Fuller; Stephens, Thornton & Schwartz, Miami, for respondents.
Before PEARSON, HENDRY and NATHAN, JJ.
PEARSON, Judge.
Maria Cabrera filed a complaint in the circuit court claiming personal injuries resulting from an automobile collision allegedly caused by defendants. The defendants in proper time initiated discovery by serving and filing a set of form interrogatories consisting of 37 pages of typed material. The questions and their various subdivisions constitute many more than the 79 numbered interrogatories. The plaintiff objected to the interrogatories and moved to quash them as being so burdensome as to be oppressive. The trial court denied the motion. The plaintiff has sought relief in this court by petition for certiorari upon the ground that the trial court departed from the essential requirements of law by so ruling. After response and oral argument, we hold that the court's order requiring an answer to the unnecessary discovery constituted a prejudicial burden upon access to the courts.
We acknowledge the rule that the trial court has a wide discretion in the treatment of discovery problems and that its rulings will not ordinarily be disturbed by an appellate court. See Charles Sales *560 Corp. v. Rovenger, Fla. 1956, 88 So.2d 551; Cristol v. City of Miami Beach, Fla.App. 1971, 245 So.2d 132. Nevertheless, there are limits to the trial court's discretion in his orders as to discovery procedure. See Orlowitz v. Orlowitz, Fla. 1967, 199 So.2d 97; and Carson v. City of Fort Lauderdale, Fla.App. 1965, 173 So.2d 743. In Dade County v. Jordan Marsh Company, Fla.App. 1969, 219 So.2d 756, we were presented with a case where the trial judge exercised his discretion by sustaining a general objection to burdensome form interrogatories. We approved a statement that: "Under the rules, interrogatories are not intended to be utilized for the purpose of exploring all minute details of a controversy and delving into immaterial and unconsequential matters, under the guise of discovery." Although the case is not authority for a limitation of the trial judge's discretion in our present case, it does show that there has been an instance where this court has recognized the limit upon the use of discovery in a somewhat similar case.
The use of interrogatories to narrow the issues and to preclude the necessity for more expensive methods of discovery should be encouraged. The real question is whether or not the form interrogatories used in this case are unduly burdensome or oppressive when viewed with relation to the case itself. The plaintiff here claims to have sustained personal injuries as the result of an automobile collision in which it is alleged that the defendant's automobile failed to stop at a stop sign. The form interrogatories are obviously designed to cover many different types of cases. As Judge Holtzoff[1] pointed out in Aktiebolaget Vargos v. Clark, 8 F.R.D. 635 (D.D.C. 1949), a litigant may not use interrogatories to compel his adversary to investigate the case for him.
Our examination of these form interrogatories conclusively shows that they are inappropriate to this case. They are so burdensome as to be oppressive and as such the hours to be spent in answering them ought not be a requirement for the plaintiff's progress of her cause.
For the reasons set forth, we conclude that the trial court departed from the essential requirements of law in overruling plaintiff's objections to the form interrogatories in this case. The order is quashed.
It is so ordered.
NOTES
[1] From 1945 to the time of his death in 1969, Alexander Holtzoff served as a member of the United States District Court for the District of Columbia. He had previous extensive experience in federal practice and served as a Special Assistant to the Attorney General of the United States. Through his various works, he has become recognized as an authority on federal practice and procedure. He helped to write the Federal Rules of Civil Procedure and the revised Federal Rules of Criminal Procedure.