PER CURIAM.
This interlocutory appeal is from an order requiring defendant, J. Bruce Vining, to make available for examination copies of his handwriting in a cause claiming forgery of a signature on a deed. The appeal was heard without objection to the propriety of the interlocutory appeal. We have, therefore, considered the appeal as a petition for writ of certiorari.[1] The order appealed is, in part, as follows:
* * * * * *
“1. Counterdefendant’s motion to strike is denied.
2. Defendant-Counterclaimant’s motion to produce is granted as follows:
J. Bruce Vining is hereby required to appear at the Offices of Alfred Gustinger, Jr., 600 Concord Building, Miami, Florida on October 6th, 1975 at 2:30 p. m. and write ‘James N. Datton, James N. Patton, Joseph Boliuhuis, Joseph Bolinhuis’ 15 times each with his right hand and 15 times each with his left hand, that all parties may have present handwriting experts during said examination.
3. That in the event a handwriting expert for either party indicates further signatures and writings are needed to finalize a handwriting: evaluation, the Court may require further handwriting examples.
******
A prior opinion in this litigation gives the history of the case.[2] This court held that the trial court erred in refusing to require J. Bruce Vining and Doreen Skinner to submit to a deposition and to produce examples of their handwriting. Upon the return of the cause to the trial court, James C. Pelekis, Gus G. Pelekis and John S. Moraites filed a motion entitled “Motion to Produce” in which the following was stated:
“COMES NOW the Defendant-Coun-terclaimant, JAMES C. PELEKIS, and moves the Court for an Order requiring the Defendant, J. BRUCE VINING to present himself and submit to a handwriting analysis by an expert to be selected by JAMES C. PELEKIS, and would respectfully show unto the Court as reason therefor that a handwriting expert testified in this matter during the last hearing that an examination of this nature would be required to properly prepare and present the Defendant-Counterclaimant pending Motion to Set Aside Final Judgment.
“WHEREFORE the Defendant-Coun-terclaimant JAMES C. PELEKIS, moves the Court for an Order requiring the Defendant, J. BRUCE VINING, to present himself and submit to a handwriting analysis.”

*806

The appellees, who were the moving parties below, claim as a basis for their motion RCP 1.350, “Production of Documents and Things and Entry Upon Land for Inspection and Other Purposes,” and RCP 1.280(b), “Scope of Discovery.” As authority for the order requiring Vining to make available copies of his signature for examination, appellees cite 29 Am.Jur.2d Evidence § 810 (1967), and Fla.Stat. § 92.-38. Appellants, on the other hand, urge that a party may not be required to produce documents that do not exist, relying upon Fryd Construction Corporation v. Freeman, Fla.App.1966, 191 So.2d 487; and Balzebre v. Anderson, Fla.App. 1974, 294 So.2d 701. Appellants also rely upon the criminal appeal case of Simmons v. State, Fla.App.1971, 248 So.2d 229, for the proposition that a signature manufactured for the litigation may not be used as a basis for a finding of forgery.
We hold simply that the rules for discovery do not authorize the procedure employed by the court. The methods under the statute and our rules by which a standard for the comparison of signatures may be established is set out in Chemical Corn Exchange Bank & Trust Co. v. Frankel, Fla.App.1959, 111 So.2d 99, 72 A.L.R.2d 1270. The process of the forced manufacturing of specimens in the hope that one of them will afford a basis for a claim of forgery is not contemplated by our rules of discovery. Cf. Vargos v. Clark, 8 F.R.D. 635 (D.D.C.1949; and Cabrera v. Evans, Fla.App.1975, 322 So.2d 559.
The defendant may be required to produce samples of his signature made prior to the litigation. See RCP 1.350 and 1.280, and Fla.Stat. § 92.38. Upon return of this cause to the trial court, an order requiring the production o.f specimen signatures of the defendant, which are not manufactured for the occasion, may be entered. Therefore, the order under review will be quashed with directions to enter an appropriate order for the production by the defendant of some designated number of samples of his previously-made signature or writings.
Quashed with directions.
It is so ordered.

. City of Sarasota v. Colbert, Fla.App.1957, 97 So.2d 872.

. Pelekis v. Florida Keys Boys Club, Fla.App. 1974, 302 So.2d 447.
“Defendant-appellants seek review of the denial of their motion to vacate final judgment pursuant to RCP 1.540(b).
“Appellee, plaintiff in the circuit court, originally brought an action against the appellants to quiet title to certain parcels of land. Defendant-appellants filed a counterclaim and alleged therein that the deed was false and fraudulent and was forged by some unknown person. The chancellor found against the appellants on their counterclaim and title was quieted in the plaintiff-appellee. Approximately one year later, defendant-appellants filed a motion to vacate final judgment on the ground that the final judgment was procured by fraud and the movant had newly discovered evidence thereof, to wit: that the warranty deed to plaintiff-appellee actually was two separate instruments which had been taped together and that the signatures of the two witnesses to the signature of appellant Pelekis probably were made by the same individual.”
Hi * # *