GRIMES, Chief Judge,
concurring in part, dissenting in part.
I concur that the court properly entered an order permanently enjoining the appellants, Curbelo and Behar, from selling products competitive with any product of the appellee within prescribed territories for a period of one year pursuant to Section 542.-12(2), Florida Statutes (1977). However, the appellant, Vickery, denied signing the salesman’s agreement which contained the provisions of the covenant not to compete. No one testified that Vickery signed, and there was evidence presented that the signature on the agreement was a forgery. The court seemed to have found as much because the injunction against Vickery was predicated upon a theory of ratification by virtue of his having later signed a territorial rider which refers to the original salesman’s agreement.
Vickery testified that he understood that he was subject to a salesman’s agreement, but he denied knowing the specific provisions thereof. No one said that Vickery was aware that the salesman’s agreement contained a covenant not to compete. I cannot see how signing a territorial rider which consisted of nothing more than customer lists and which did not contain any of the provisions of the salesman’s agreement or purport to incorporate them therein can be a basis to restrain Vickery’s right to work. There was insufficient evidence of a knowing ratification. Cf. Chemical Corn Exchange Bank & Trust Co. v. Frankel, 111 So.2d 99 (Fla.3rd DCA 1959).
I would reverse the order with respect to Vickery.