LETTS, Judge.
The appellant, by interlocutory appeal, here protests the action of the trial court in sustaining objections to propounded interrogatories. We affirm.
The propounded interrogatories are composed of 2,300 legal size pages in small type[1] (without excessive space between *80 questions) and include such choice samples as:
“State fully and in detail the load carried by each steel pipe column located within [each] apartment separations walls or state fully and in detail the equation method used by designers stated in answer to prior interrogatories to calculate that loan.” Page 13, interrogatory 2.15 (emphasis and brackets added)
This question alone, relative to 18 condominium buildings, might take a week to answer. It is difficult to imagine how the author of these particular interrogatories could have possibly conjured up a more oppressive and burdensome collection.
Rule 1.280(b)(1) of the Fla.R. of Civ.P. permits discovery regarding any matter reasonably calculated to lead to the discovery of admissible evidence. The contents of the subject interrogatories are in our opinion unreasonable.
The petitioner also contends that the trial judge was in error, because he failed to consider the merits of each and every one of the interrogatories separately, and cites Watkins v. Mother’s Auto Sales, Inc., 264 So.2d 439 (Fla. 3d DCA 1972) as authority that each must receive separate consideration. It is true that in Watkins the court stated that it had meticulously reviewed all the interrogatories, but we do not construe this as a holding that it must always do so. For the trial judge, in this instance, to review and hear argument on all these interrogatories would be impossible, unless he were to accept it as an exclusive line of work for weeks.
A third argument advanced, is that the case of Continental Mortgage Investors v. Village by the Sea, Inc., 252 So.2d 833 (Fla. 4th DCA 1971) mandates that answers to interrogatories can only be avoided by moving for a protective order under Fla.R. of Civ.P. 1.280(c). However, both the case (Continental) and the rule use the verb “may” and we do not believe that a filed written objection is an unacceptable substitute. Indeed, such a method was upheld in Cabrera v. Evans, 322 So.2d 559 (Fla. 3d DCA 1975).
 Florida Rule 1.340 is essentially an embodiment of Federal Rule 33 and as such, federal case law is highly persuasive in this area. One of the few U. S. Court of Appeals’ decisions addressing itself to the issue of objections to interrogatories, sustained the district court’s findings that the questions were oppressive and burdensome. In affirming the lower court’s decision the court commented:
“That rule does not, however, permit a plaintiff to ‘go fishing’ and a trial court retains discretion to determine that a discovery request, is too broad and oppressive.” Marshall v. Westinghouse Electric Corp., 576 F.2d 588, at 592 (5th Cir. 1978).
Thus the court, armed with judicial discretion, may determine that the matter at issue does not require such extensive discovery and that for counsel or the court to have to examine and specify each irrelevant, repetitious, or immaterial question would constitute an undue burden and would be an extraordinary waste of judicial time and effort. Accordingly, we adopt the reasoning of the U. S. District Court in Blanchard Lumber Co. v. S. S. Polyrover, 224 F.Supp. 601 (1963):
“The excessive number of interrogatories of a drag-net nature, which not only are unduly burdensome and oppressive, but seek information irrelevant to the fundamental issue in this suit, constitute an abuse of the interrogatory Rule. They are inconsistent with the spirit and purpose of the Rules.”
See also: Krantz v. United States, 56 F.R.D. 555 (W.D.Va.1972).
Finally, in the hearing held on the objections, the moving party offered to open up his records to the appellants’ attorney and let her go to the warehouse, where they are stored, to obtain the answers for *81 herself, pursuant to Rule 1.340(c). We agree this might be an acceptable alternative, however the task may prove as arduous as cleaning the Augean stables (see the Seven Labors of Hercules).
AFFIRMED.
DOWNEY, C. J., concurs.
DAUKSCH, J., concurs in conclusion only.

. They are divided into several sets, many of which are duplicative.